UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIA CARUSO, a minor, by her Next Friend,
MICHELLE WHITE,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

    Defendant.

Case No. 12-cv-13896-LPZ-MJH

Hon. Lawrence P. Zatkoff
Magistrate Judge: Michael Hluchaniuk
Lower Court Case No. 12-2485-NF

---

MAUREEN H. KINSELLA (P56172)
Miller & Tischler, P.C.
Attorneys for Plaintiffs
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040; Fax: (248) 536-5042
mkinsella@msapc.net

CINNAMON A. RICE (P60979)
LYNNE S. DEBELL (P64728)
Zausmer, Kaufman, August & Caldwell, P.C.
Attorneys for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111; Fax: (248) 851-0100
crice@zkact.com
ldebell@zkact.com

---

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR THE COURT TO SET AN APPROPRIATE FEE FOR DR. STEFAN GLOWACKI'S DISCOVERY ONLY DEPOSITION

NOW COMES Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorneys, Zausmer, Kaufman, August, Caldwell & Tayler, P.C., and hereby moves this Honorable Court for the entry of an Order establishing the appropriate deposition fee for Dr. Stefan Glowacki's deposition, and states as follows:

1.  Plaintiff Hizni Yonan ("Plaintiff") filed this action for No-Fault benefits arising out of a motor vehicle accident that allegedly occurred on January 23, 2012.

2.  Pursuant to MCR 2.302(C)(7), Defendant is in the process of obtaining convenient deposition dates and serving a subpoena and notice of taking a discovery only deposition of Dr. Stefan Glowacki ("Dr. Glowacki"), one of Plaintiff's treating physicians.

3.  Defendant was informed by Dr. Glowacki's office that he charges $1,500.00 per hour for his deposition.

4.  The deposition fee requested by Dr. Glowacki is inappropriate, outrageous, excessive and so overly burdensome that it appears designed to deter or prevent depositions from occurring.

5.  It is doubtful that Dr. Glowacki bills his patients/clients $1,500.00 per hour.

6.  Dr. Glowacki schedules his depositions at his office, at a time that is convenient for him and that does not conflict with his schedule.

7.  Dr. Glowacki is a treating physician and has not been retained as an expert in this matter. As such, pursuant to the applicable law, Dr. Glowacki is not entitled to an expert fee, but rather only the $15.00 subpoena fee permitted for regular witnesses under MCL 600.2552. Defendant, however, has no objection to paying Dr. Glowacki a reasonable fee.

WHEREFORE, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Court enter an Order establishing a reasonable deposition fee to be paid to Dr. Glowacki for his discovery only deposition regarding treatment of the Plaintiff in this case.

Respectfully submitted,

Zausmer, Kaufman, August & Caldwell, P.C.

/s/Lynne S. DeBell
CINNAMON A. RICE (P60979)
LYNNE S. DEBELL (P64728)
Attorneys for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, Michigan 48334
248-851-4111

Dated: February 7, 2013

### BRIEF IN SUPPORT OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR THE COURT TO SET AN APPROPRIATE FEE FOR DR. STEFAN GLOWACKI'S DISCOVERY ONLY DEPOSITION

Defendant relies upon the facts stated in its Motion, MCR 2.302, MCR 2.313, and all other applicable court rules, in support of its motion to have this Honorable Court determine reasonable deposition fees and states as follows:

As set forth in the Motion, the legal question is whether Dr. Stefan Glowacki ("Dr. Glowacki") is entitled to expert witness fees in the amount of $1,500.00 per hour, when he is to be deposed as a treating physician and not as a retained expert witness. As a general rule, witness fees are governed by MCL 600.2552(1), in pertinent part:

> A witness who attends any action or proceeding pending in a court of record shall be paid a witness fee of $12.00 for each day and $6.00 for each half day, or may be paid for his or her loss of working time but not more than $15.00 for each day shall be taxable as costs as his or her witness fee.

MCL 600.2552(1).

The Revised Judicature Act does afford the trial court some discretion when it comes to expert witnesses. MCL 600.2164 states, in pertinent part:

2

> (1) No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case.
>
> * * *
>
> (2) No more than 3 experts shall be allowed to testify on either side as to the same issue in any given case, unless the court trying such case, in its discretion, permits an additional number of witnesses to testify as experts.
>
> (3) The provisions of this section shall not be applicable to witnesses testifying to the established facts, or deductions of science, nor to any other specific facts, but only to witnesses testifying to matters of opinion.

MCL 600.2164.

The Court of Appeals has explained that the purpose of MCL 600.2164 is to regulate "the introduction of expert witness testimony to avoid possible abuse in the expert witness fees charged in a case." *Eaddy v Garden City Hospital (Osteopathic)*, 152 Mich App 767, 770 (1986). For that reason, the statute "gives to the court the discretion to determine whether a witness is qualified as an expert and is thus entitled to fees in excess of the fees set for lay witnesses." *Id.* As in any discretionary situation, the exercise of discretion is not unfettered. Although not so stated as a matter of black-letter law, Michigan case law does not automatically confer expert witness status on a treating physician. See, e.g., *Morrissey v Grosinger*, unpublished opinion per curiam of the Court of Appeals, issued May 26, 2000) (Docket No. 212821), attached as **Exhibit "A"**.

In *Morrissey*, the trial court struck certain opinion testimony from the *de bene esse* deposition of the plaintiff's treating physician. The trial court ruled that the testimony was irrelevant and that it

3

was more prejudicial than probative. The Court of Appeals affirmed. Of significance, the Court of Appeals supported this holding by observing:

> Here, [Dr.] Manzo was James Morrissey's treating physician and, according to both parties, was not introduced as an expert witness.

*Id.* at 3.

Defendant submits that a federal decision succinctly explains the unstated rationale behind this judicial bifurcation:

> Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in their respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts.

*Fisher v Ford Motor Co*, 178 FRD 195, 197; 40 Fed R Serv 3d 1085 (ND Ohio 1998) (citations omitted), attached as **Exhibit "B"**.

Indeed, that explanation is consistent with the express limitations placed on the definition of an "expert" in MCL 600.2164(3). In this case, Dr. Glowacki is not being deposed regarding any "outside knowledge" or any opinions based on "outside knowledge." Instead, Dr. Glowacki is being deposed as a treating physician to elicit testimony based on his "personal knowledge of the patient and [his] treatment," or, in the words of the statute, "other specific facts."

Accordingly, this Court should rule that Dr. Glowacki is not entitled to an expert witness fee because he is not being deposed as an expert witness. Defendant submits that, as a matter of law, Dr. Glowacki is only entitled to the statutory witness fees set forth in MCL 600.2552. As the District Court for the Northern District of Ohio concluded in *Fisher, supra*:

> Because treating physicians are not generally considered to be expert witnesses, they cannot rely on Fed. R. Civ. P. 26(b)(4)(C)

4

> to claim that they are entitled to more than other witnesses would receive for their attendance and testimony.

*Fisher*, 178 FRD at 197 (internal citations omitted), attached as **Exhibit "B"**.

Another case on point is *Another Step Forward v State Farm Mut Auto Ins Co*, No. 06-CV-15250-DT, 2007 WL 4357726 (ED Mich December 10, 2007), attached as **Exhibit "C"**. In this case, State Farm sought an Order for an appropriate deposition fee of Dr. Richard Weiss. *Id.* The Court entered an Opinion and Order on December 10, 2007 (1) Denying Weiss's Motion to Quash or Modify Subpoena of Dr. Richard Weiss (Doc. Ent. 26) and (2) Granting in Part Defendant's Motion to Set an Appropriate Witness Fee for Dr. Weiss. *Id.* In that Order, Magistrate Judge Paul J. Komives determined, under similar facts, that Dr. Weiss was not entitled to any expert witness fee for testifying as a treating physician. *Id.* at 9. Only if Dr. Weiss' deposition was to be used at trial would an expert witness fee be considered. *Id.* at 9.

Similarly, because Dr. Glowacki will not be deposed as an expert witness, he is not entitled to rely on MCL 600.2164 to secure his requested expert witness fee. Defendant is willing to pay a reasonable fee. However, to the extent that Dr. Glowacki insists he is "entitled" to the outrageous witness fee as indicated by his office, Defendant requests this Court's assistance in determining a more reasonable deposition fee for Dr. Glowacki. At this point, his testimony is being requested on the basis of his personal knowledge as a treating physician.

Respectfully submitted,

Zausmer, Kaufman, August & Caldwell, P.C.

/s/Lynne S. DeBell
CINNAMON A. RICE (P60979)
LYNNE S. DEBELL (P64728)
Attorneys for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, Michigan 48334
248-851-4111

Dated: February 7, 2013

## PROOF OF SERVICE

I hereby certify that on today's date, I electronically filed the foregoing paper with the Clerk of the Court using the electronic filing system, which will send notification of such filing.

/s/ Lynne S. DeBell
LYNNE S. DEBELL
Attorney for Defendant