UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIA CARUSO, a minor, by her Next Friend,
MICHELLE WHITE,

        Plaintiffs,                Case No. 12-cv-13896-LPZ-MJH

and                             Hon. Lawrence P. Zatkoff
                             Magistrate Judge: Michael Hluchaniuk

QUALITY CARE
CONSULTING, INC.

        Intervening Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

        Defendant.

| | |
|---|---|
| MAUREEN H. KINSELLA (P56172)<br>Miller & Tischler, P.C.<br>Attorneys for Plaintiffs<br>28470 W. 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 945-1040; Fax: (248) 536-5042<br>mkinsella@msapc.net | CINNAMON A. RICE (P60979)<br>NATHAN J. FINK (P75185)<br>APRIL E. MOORE (P69297)<br>Zausmer, Kaufman, August &<br>Caldwell, P.C.<br>Attorneys for Defendant-State Farm<br>31700 Middlebelt Road, Suite 150<br>Farmington Hills, MI 48334<br>(248) 851-4111; Fax: (248) 851-0100<br>crice@zkac.com<br>ldebell@zkac.com |

PAUL S. CLARK (P39164)
Clark & Schoenbeck, P.C.
Attorneys for Intervening Plaintiff
Quality Care Consulting, Inc.
22655 South Chrysler Drive
Hazel Park, MI 48030
(248) 543-77776; Fax: (248) 543-7699
pclark@cs-law.net

## **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorneys, ZAUSMER, KAUFMAN, AUGUST & CALDWELL, and moves this Court for partial summary judgment as to Plaintiff's attendant care claim pursuant to Fed. R. Civ. P. 56. Defendant is entitled to summary judgment as a matter of law for the reasons more fully stated in the attached supporting brief.

Pursuant to Eastern District of Michigan Local Rule 7.1, Defendant's counsel sought, but did not obtain Plaintiff's concurrence in the relief sought herein.

Dated: August 14, 2013

Respectfully submitted,

ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.

/s/Cinnamon A. Rice
CINNAMON A. RICE (P60979)
NATHAN J. FINK (P75185)
APRIL E. MOORE (P69297)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111 /crice@zkac.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIA CARUSO, a minor, by her Next Friend,
MICHELLE WHITE,

        Plaintiffs,                  Case No. 12-cv-13896-LPZ-MJH

and                            Hon. Lawrence P. Zatkoff
                                Magistrate Judge: Michael Hluchaniuk

QUALITY CARE
CONSULTING, INC.

        Intervening Plaintiff,
vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

        Defendant.

| | |
|---|---|
| MAUREEN H. KINSELLA (P56172) | CINNAMON A. RICE (P60979) |
| Miller & Tischler, P.C. | NATHAN J. FINK (P75185) |
| Attorneys for Plaintiffs | APRIL E. MOORE (P69297) |
| 28470 W. 13 Mile Road, Suite 300 | Zausmer, Kaufman, August & Caldwell, P.C. |
| Farmington Hills, MI 48334 | |
| (248) 945-1040; Fax: (248) 536-5042 | Attorneys for Defendant-State Farm |
| mkinsella@msapc.net | 31700 Middlebelt Road, Suite 150 |
| | Farmington Hills, MI 48334 |
| | (248) 851-4111; Fax: (248) 851-0100 |
| | crice@zkac.com |

PAUL S. CLARK (P39164)
Clark & Schoenbeck, P.C.
Attorneys for Intervening Plaintiff
Quality Care Consulting, Inc.
22655 South Chrysler Drive
Hazel Park, MI 48030
(248) 543-77776; Fax: (248) 543-7699
pclark@cs-law.net

## **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................... i

ISSUES PRESENTED .......................................................................... ii

CONTROLLING AUTHORITIES ....................................................... iii

INDEX OF AUTHORITIES ........................................................... iv, v

I.     INTRODUCTION AND FACTS ................................................ 1

II.    ANALYSIS OF FEDERAL RULE OF CIVIL PROCEDURE 56(b).......... 2

III.   LEGAL ANALYSIS .................................................................. 4

      A.    Numerous services allegedly provided for Plaintiff are
            not allowable expenses under the No-Fault Act because
            they constitute household replacement services and are
            barred by the three-year statute of limitations ................................. 4

IV.   CONCLUSION ......................................................................... 7

**Issues Presented.**

(1) Are most of the services claimed as "attendant care" by Plaintiff considered "household replacement services" under the Michigan No-Fault Act?

Defendant's Answer: Yes.

**Controlling Authorities.**

The controlling authorities are MCL 500.3107(1)(a), MCL 500.3107(1)(c), *Douglas v. Allstate Ins. Co.*, 492 Mich. 241 (2012) and *Admire v. Auto-Owners Ins. Co.*, 494 Mich. 10 (2013)

# INDEX OF AUTHORITIES

CASES                                                                      Page(s)

*Admire v. Auto-Owners Ins. Co.*
494 Mich. 10 (2013) ...................................................................3, 5, 6, 7

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 255 (1986) ...................................................... 2, 3

*Celotex Corp. v. Catrett*
477 U.S. 317, 322 (1986) ........................................................ 3

*Derungs v. Wal-Mart Stores*
374 F.3d. 428, 431 (6th Cir. 2004) ....................................... 2

*Douglas v Allstate Ins. Co.*
492 Mich. 241 (2012) ...................................................... 4, 5, 6

*Klepper v. First American Bank*
916 F.2d 337, 341-42 (6th Cir. 1990) .................................. 2

*Kochins v. LindenAlimak Inc.*
799 F.2d 1128, 1133 (6th Cir. 1986) .................................... 3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574, 587-588 (1986) ............................................. 3

*Simmons-Harris v. Zelman*
234 F.3d 945, 951 (6th Cir. 2000) ....................................... 3

*Street v. J.C. Bradford & Co*
886 F.2d 1472, 1477 (6th Cir. 1989) .................................... 3

## COURT RULES

Fed. R. Civ. P. 56 ................................................................................ 2

Fed. R. Civ. P. 56(b) ......................................................................... 2

Fed. R. Civ. P. 56(c) ......................................................................... 2

Fed. R. Civ. P. 56(e) ......................................................................... 3

MCL 500.3107(1)(a) .................................................................. 1, 5, 7

MLC 500.3107(1)(c) ......................................................................... 5

## I.   Introduction and Facts.

Plaintiff Alexia Caruso ("Plaintiff"), by and through her Next Friend, claims that Plaintiff requires twelve (12) hours per day of attendant care.  However, the vast majority of the "attendant care" allegedly provided by Plaintiff's mother, Michelle White ("Ms. White"), and Larry White, is not properly characterized as attendant care.  Rather, these services are household replacement services and are barred by the three-year statute of limitations.  Accordingly, these alleged expenses are not compensable under the Michigan No-Fault Act.

Plaintiff incorrectly claims that the following household replacement services are attendant care under the No-Fault Act: driving; preparing breakfast, lunch and dinner; assistance with homework; assistance with educational activities; laundry (washing bedding and clothes); watching television with Plaintiff and her family; and preparing Plaintiff's bed.   See Plaintiff's Attendant Care Logs, attached as **Exhibit "A"**; see also Dep. Trans. of Michelle White at pp. 6-8, 12-14, 17-19, 24, 26-27, 37-38, 79-80, 94, 100-103, 106, 111-112 and 116-117, attached as **Exhibit "B"**.  Based on the relevant documentation and the testimony of Ms. White, there is no genuine issue of material fact that these services are not compensable allowable expenses under MCL 500.3107(1)(a).

## II.     Analysis of Federal Rule of Civil Procedure 56(b).

Under Fed. R. Civ. P. 56(b), a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Derungs v. Wal-Mart Stores,* 374 F.3d. 428, 431 (6th Cir. 2004), citing Fed. R. Civ. P. 56(c).  In applying Fed. R. Civ. P. 56, it is well settled that "[t]he evidence of the non-movant is to be believed, and that all justifiable inferences are to be drawn in his [i.e., the non-movant's] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

While it is true that *"evidence"* of the non-movant is to be believed when considering a motion for summary judgment under Fed. R. Civ. P. 56, and that "all justifiable inferences are to be drawn" therefrom in favor of the non-movant, *Anderson, supra* at 255, the Court in *Anderson* admonished that such counter-opposing evidence must "present a sufficient disagreement to require submission to a jury." *Id.* at 251-52, accord *Klepper v. First American Bank,* 916 F.2d 337, 341-42 (6th Cir. 1990) (same).  This of course implies that there must be some evidence to support the non-movant's case.  Allegations, speculation and conjecture will not suffice.

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no genuine issue and summary judgment is appropriate. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000). Thus, "[w]hen a motion for summary judgment is made and *supported* as provided in [Fed. R. Civ. P. 56(e)], an adverse party *may not rest upon the mere allegations or denials* of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided . . . must set forth *specific facts* showing that there is a genuine issue for trial." *Kochins v. LindenAlimak Inc.,* 799 F.2d 1128, 1133 (6th Cir. 1986) (emphasis added), see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-588 (1986) (same). When the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no genuine issue of fact and summary judgment is appropriate. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000). "There is no issue for trial...*unless* there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989), citing *Anderson, supra.*

In this case, there are no genuine issues of material fact that the following household replacement services are *not* attendant care services under the No-Fault Act: driving; preparing breakfast, lunch and dinner; assistance with homework; assistance with educational activities; laundry (washing bedding and clothes); watching television with Plaintiff and her family; and preparing Plaintiff's bed. Therefore, as a matter of law, this Court should grant partial summary judgment as to Defendant for the reasons set forth below.

## III.   Legal Analysis.

**Numerous services allegedly provided for Plaintiff are not allowable expenses under the No-Fault Act because they constitute household replacement services and are barred by the three-year statute of limitations.**

Defendant should be absolved of liability for payment for the following household replacement services because they are incorrectly characterized as attendant care by Plaintiff: driving; preparing breakfast, lunch and dinner; assistance with homework; assistance with educational activities; laundry (washing bedding and clothes); watching television with Plaintiff and her family; and preparing Plaintiff's bed.

In *Douglas v. Allstate Ins. Co.*, the Michigan Supreme Court addressed and further defined the distinction between allowable expenses, including attendant and household replacement services under the No-Fault Act.   492 Mich. 241 (2012).   In *Douglas*, the plaintiff suffered a severe closed head injury in an

4

automobile versus bicycle accident. *Id.* at 249-250.   As in the case at bar, the plaintiff in *Douglas* attempted to characterize certain household replacement services, including preparation of meals, daily organization of family life and daily chores, as attendant care because the three-year statute of limitations passed, a separate claim under MCL 500.3107(1)(c).   The Court reiterated a prior holding, stating "replacement services as described in MCL 500.3107(1)(c) are distinct allowable expenses under MCL 500.3107(1)(a).   Allowable expenses cannot be for 'ordinary and necessary services' because ordinary and necessary services are not 'for an injured person's care, recovery, or rehabilitation.'"  *Id.* at 262.   The Court stated that services such as daily chores, organization of family life and preparation of family meals "are prototypical 'ordinary and necessary' services that every Michigan household must undertake."  *Id.* at 262-263.   Therefore, they are not compensable allowable expenses. *Id.*

In *Admire v. Auto-Owners Ins. Co.*, the Michigan Supreme Court clarified when a particular product, service or accommodation is "for" the injured person's "care, recovery, or rehabilitation."   494 Mich. 10 (2013).   The Court stated "a claimant can recover as an allowable expense the charge for a product, service, or accommodation that has the object or purpose of effectuating the injured person's care, recovery or rehabilitation."  *Id.* at 26.   However, "any product, service, or accommodation consumed by an *uninjured person* over the course of his or her

everyday life cannot qualify because it lacks the requisite causal connection with effectuating the injured person's care, recovery, or rehabilitation." *Id.* Ordinary, everyday expenses "cannot have the object or purpose of effectuating an *injured person's* care, recovery, or rehabilitation because it is incurred by *everyone* injured or not." *Id.* Additionally, the Court stated that a "new expense must be of a wholly different essential character than expenses borne by the person before the accident to show that it is *for* the injured person's care, recovery, or rehabilitation." *Id.* at 27.

Here, as in *Douglas*, Plaintiff attempts to characterize the following "prototypical 'ordinary and necessary' services" as attendant care to avoid the three-year statute of limitations that applies to household replacement services: driving; preparing breakfast, lunch and dinner; assistance with homework; assistance with educational activities; laundry (washing bedding and clothes); watching television with Plaintiff and her family; and preparing Plaintiff's bed. It is simply impossible to define these activities as anything other than ordinary and necessary services that every Michigan household must undertake. See Plaintiff's Attendant Care Logs, attached as **Exhibit "A"**; see also Dep. Trans. of Michelle White at pp. 6-8, 12-14, 17-19, 24, 26-27, 37-38, 79-80, 94, 100-103, 106, 111-112 and 116-117, attached as **Exhibit "B"**. As the Court stated in *Admire*, *supra*, these ordinary, everyday expenses cannot "have the object or purpose of effectuating

[Plaintiff's] care, recovery, or rehabilitation" because these are services that every parent must provide for his or her child. *Admire*, 494 Mich. at 26.

## IV.   Conclusion

For the foregoing reasons, there is no genuine issue of material fact that driving; preparing breakfast, lunch and dinner; assistance with homework; assistance with educational activities; laundry (washing bedding and clothes); watching television with Plaintiff and her family; and preparing Plaintiff's bed are not compensable allowable expenses under MCL 500.3107(1)(a).   Therefore, Defendant is entitled to summary judgment as a matter of law.

Respectfully submitted,

ZAUSMER,  KAUFMAN,  AUGUST & CALDWELL, P.C.

/s/Cinnamon A. Rice
CINNAMON A. RICE (P60979)
NATHAN J. FINK (P75185)
APRIL E. MOORE (P69297)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111
crice@zkac.com

Dated: August 14, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 14, 2013,** I electronically filed the foregoing **DEFENDANTS' MOTION FOR PARTIAL SUMMARY DISPOSITION, and this Certificate of Service** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

- **Paul S. Clark**
  pschoenbeck@cs-law.net,pclark@cs-law.net,lindaw@cs-law.net
- **Lynne S. DeBell**
  ldebell@zkact.com,hromanski@zkac.com
- **Nathan J. Fink**
  nfink@zkact.com
- **Maureen H. Kinsella**
  mkinsella@msapc.net,ehoy@msapc.net
- **April E. Moore**
  amoore@zkac.com,almoore@zkac.com
- **Cinnamon A. Rice**
  crice@zkact.com,lsaunders@zkact.com

Respectfully submitted,

ZAUSMER,  KAUFMAN,  AUGUST & CALDWELL, P.C.

 /s/Cinnamon A. Rice
CINNAMON A. RICE (P60979)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111
crice@zkac.com

Dated: August 14, 2013