UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AC, a minor, by her Next Friend,
MICHELLE WHITE,

      Plaintiffs,                    Case No. 12-cv-13896-LPZ-MJH

and                                Hon. Lawrence P. Zatkoff
                                  Magistrate Judge: Michael Hluchaniuk

QUALITY CARE
CONSULTING, INC.

      Intervening Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

      Defendant.

| | |
|---|---|
| MAUREEN H. KINSELLA (P56172)<br>Miller & Tischler, P.C.<br>Attorneys for Plaintiffs<br>28470 W. 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 945-1040; Fax: (248) 536-5042<br>mkinsella@msapc.net | CINNAMON A. RICE (P60979)<br>NATHAN J. FINK (P75185)<br>APRIL E. MOORE (P69297)<br>Zausmer, Kaufman, August &<br>Caldwell, P.C.<br>Attorneys for Defendant-State Farm<br>31700 Middlebelt Road, Suite 150<br>Farmington Hills, MI 48334<br>(248) 851-4111; Fax: (248) 851-0100<br>crice@zkac.com<br>ldebell@zkac.com<br>nfink@zkac.com |

PAUL S. CLARK (P39164)
Clark & Schoenbeck, P.C.
Attorneys for Intervening Plaintiff
Quality Care Consulting, Inc.
22655 South Chrysler Drive
Hazel Park, MI 48030
(248) 543-77776; Fax: (248) 543-7699
pclark@cs-law.net

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorneys, ZAUSMER, KAUFMAN, AUGUST & CALDWELL, and moves this Court for summary judgment as to Intervening Plaintiff's claim pursuant to Fed. R. Civ. P. 56. Defendant is entitled to summary judgment as a matter of law for the reasons more fully stated in the attached supporting brief.

Pursuant to Eastern District of Michigan Local Rule 7.1, Defendant's counsel sought, but did not obtain Intervening Plaintiff's concurrence in the relief sought herein.

Respectfully submitted,

Dated: September 4, 2013

ZAUSMER, KAUFMAN, AUGUST
& CALDWELL, P.C.

/s/Cinnamon A. Rice
CINNAMON A. RICE (P60979)
NATHAN J. FINK (P75185)
APRIL E. MOORE (P69297)
Attorneys for Defendant-State Farm
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111 /crice@zkac.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AC, a minor, by her Next Friend,
MICHELLE WHITE,

        Plaintiffs,                    Case No. 12-cv-13896-LPZ-MJH

and                              Hon. Lawrence P. Zatkoff
                                      Magistrate Judge: Michael Hluchaniuk

QUALITY CARE
CONSULTING, INC.

        Intervening Plaintiff,
vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

        Defendant.

---

| MAUREEN H. KINSELLA (P56172) | CINNAMON A. RICE (P60979) |
|---|---|
| Miller & Tischler, P.C. | NATHAN J. FINK (P75185) |
| Attorneys for Plaintiffs | APRIL E. MOORE (P69297) |
| 28470 W. 13 Mile Road, Suite 300 | Zausmer, Kaufman, August & Caldwell, P.C. |
| Farmington Hills, MI 48334 | Attorneys for Defendant-State Farm |
| (248) 945-1040; Fax: (248) 536-5042 | 31700 Middlebelt Road, Suite 150 |
| mkinsella@msapc.net | Farmington Hills, MI 48334 |
| | (248) 851-4111; Fax: (248) 851-0100 |
| | crice@zkac.com |
| | nfink@zkac.com |

PAUL S. CLARK (P39164)
Clark & Schoenbeck, P.C.
Attorneys for Intervening Plaintiff
Quality Care Consulting, Inc.
22655 South Chrysler Drive
Hazel Park, MI 48030
(248) 543-77776; Fax: (248) 543-7699
pclark@cs-law.net

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................ i

ISSUES PRESENTED ................................................................................ ii

CONTROLLING AUTHORITIES ................................................................. iii

INDEX OF AUTHORITIES ..................................................................... iv, v

I.    INTRODUCTION AND FACTS .................................................... 1

II.   ANALYSIS OF FEDERAL RULE OF CIVIL PROCEDURE 56(b) .......... 2

III.  LEGAL ANALYSIS ...................................................................... 4

      A.    Intervening Plaintiff's charges for services allegedly
          provided to Plaintiff were never "incurred" as required
          by MCL 500.3107(1)(a) .................................................. 4

IV.   CONCLUSION ............................................................................ 6

**Issues Presented.**

(1) Were the services allegedly provided by Quality Care Consulting "incurred" under the Michigan No-Fault Act?

    Defendant's Answer: No.

**Controlling Authorities.**

The controlling authorities are MCL 500.3107(1)(a), *Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 673 N.W.2d 739 (2003), *Bombalski v. Auto Club Ins. Ass'n*, 247 Mich. App. 536; 637 N.W.2d 252 (2001) and *Duckworth v. Continental Nat. Indemn. Co.*, 268 Mich. App. 129; 706 N.W.2d 215 (2005).

# INDEX OF AUTHORITIES

<u>CASES</u>                                                                                          <u>Page(s)</u>


*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986)...................................................................................2, 4

*Bombalski v. Auto Club Ins. Ass'n.*
247 Mich. App. 536; 637 N.W.2d 252 (2001).........................................4

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986)...........................................................................3

*Derungs v. Wal-Mart Stores*
374 F.3d. 428 (6th Cir. 2004) .............................................................2

*Duckworth v. Continental Nat. Indemn. Co.*
268 Mich. App. 129; 706 N.W.2d 215 (2005)..................................4, 5, 6

*Klepper v. First American Bank*
916 F.2d 337 (6th Cir. 1990) .............................................................2

*Kochins v. LindenAlimak Inc.*
799 F.2d 1128 (6th Cir. 1986) ...........................................................3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574 (1986)...........................................................................3

*Proudfoot v. State Farm Mut. Ins. Co.*
469 Mich. 476, 673 N.W.2d 739 (2003)................................................4

*Rhynard v. State Farm Ins.*
09-10972 BC, 2010 WL 931857 (E.D. Mich. Mar. 11, 2010) ................5

*Simmons-Harris v. Zelman*
234 F.3d 945 (6th Cir. 2000) .............................................................3

*Street v. J.C. Bradford & Co*
886 F.2d 1472 (6th Cir. 1989) ...........................................................3

<u>COURT RULES</u>

Fed. R. Civ. P. 56 ...................................................................................2

Fed. R. Civ. P. 56(b) .............................................................................2

Fed. R. Civ. P. 56(c)..............................................................................2

Fed. R. Civ. P. 56(e)..............................................................................3

MCL 500.3107(1)(a) ......................................................................1, 4, 6

**I.      Introduction and Facts.**

Intervening Plaintiff Quality Care Consulting ("Intervening Plaintiff") claims that it provided case management services for Plaintiff AC ("Plaintiff") from December 2011 through at least June 2013.  See Quality Care Consulting Statements, attached as **Exhibit "A"**.  Intervening Plaintiff exclusively provides case management services for patients injured in automobile accidents.  See Dep. Trans. of Michelle Harris (from Quality Care Consulting) at p. 11, attached as **Exhibit "B"**.  The case manager testified that based on her understanding, Plaintiff did not receive bills for case management services provided by Intervening Plaintiff.  *Id.* at 25-26.  Further, during the period that Intervening Plaintiff allegedly provided services, it had the following statement listed on its website: "**Our services are provided at no cost to you under the terms of Michigan law.**"  See Quality Care Consulting Website Pages, attached as **Exhibit "C"**.[1]

Plaintiff never incurred any charges for Intervening Plaintiff's services.  Based on the relevant documentation, there is no genuine issue of material fact that these services are not compensable allowable expenses under MCL 500.3107(1)(a) because they were never incurred.

---

[1] The website was taken down immediately after Ms. Harris' deposition.  As of the date of filing this Motion, the website remains down.

## II.    Analysis of Federal Rule of Civil Procedure 56(b).

Under Fed. R. Civ. P. 56(b), a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.   Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Derungs v. Wal-Mart Stores,* 374 F.3d. 428, 431 (6th Cir. 2004), citing Fed. R. Civ. P. 56(c).   In applying Fed. R. Civ. P. 56, it is well settled that "[t]he evidence of the non-movant is to be believed, and that all justifiable inferences are to be drawn in his [i.e., the non-movant's] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). While it is true that *"evidence"* of the non-movant is to be believed when considering a motion for summary judgment under Fed. R. Civ. P. 56, and that "all justifiable inferences are to be drawn" therefrom in favor of the non-movant, *Anderson, supra* at 255, the Court in *Anderson* admonished that such counter-opposing evidence must "present a sufficient disagreement to require submission to a jury." *Id.* at 251-52, accord *Klepper v. First American Bank,* 916 F.2d 337, 341-42 (6th Cir. 1990) (same).   This of course implies that there must be some evidence to support the non-movant's case.   Allegations, speculation and conjecture will not suffice.

2

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no genuine issue and summary judgment is appropriate. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000). Thus, "[w]hen a motion for summary judgment is made and *supported* as provided in [Fed. R. Civ. P. 56(e)], an adverse party *may not rest upon the mere allegations or denials* of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided . . . must set forth *specific facts* showing that there is a genuine issue for trial." *Kochins v. LindenAlimak Inc.,* 799 F.2d 1128, 1133 (6th Cir. 1986) (emphasis added), see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-588 (1986) (same). When the "record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no genuine issue of fact and summary judgment is appropriate. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000). "There is no issue for trial...*unless* there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989). In this case, there are no genuine issues of material fact that Plaintiff never

incurred any charges for the services allegedly provided by Intervening Plaintiff. Therefore, as a matter of law, this Court should grant summary judgment as to Defendant for the reasons set forth below.

## III.   Legal Analysis.

### A. Intervening Plaintiff's charges for services allegedly provided to Plaintiff were never "incurred" in accordance with MCL 500.3107(1)(a).

Defendant should be absolved of liability as to Intervening Plaintiff's claim because its charges were never "incurred."   MCL 500.3107(1)(a) provides that PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation." (Emphasis added.)   The Michigan Supreme Court has defined "incur" as "to become liable or subject to." *Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 484, 673 N.W.2d 739, 743 (2003).   In *Bombalski v. Auto Club Ins. Ass'n*, 247 Mich. App. 536, 543; 637 N.W.2d 252 (2001), the Court of Appeals stated that to incur or become liable means "responsible or answerable in law; legally obligated. In *Duckworth v. Continental Nat. Indemn. Co.*, the Michigan Court of Appeals held that a Canadian citizen who received free medical care did not "incur" medical expenses; therefore, he was not entitled to PIP benefits.   268 Mich. App. 129, 134; 706 N.W.2d 215, 218 (2005); *see also Rhynard v. State*

4

*Ins.*, 09-10972 BC, 2010 WL 931857 (E.D. Mich. Mar. 11, 2010) (stating that the No-Fault Act's requirement that the "insured must 'incur' an expense before the insurer will be required to pay it does not mean that the insured must enter into a formal contractual relationship with the service provider or present a formal bill, but it does mean that the insured must be obligated to pay the expense.") (Emphasis added). In *Duckworth*, the plaintiff received his care "without charge" and without any upfront cost for the care. *Id.* at 135. Since the plaintiff never bore legal responsibility for the disputed costs of his medical care, he did not "incur" medical expenses reimbursable under the no-fault act. *Id.* at 136. Therefore, the Court affirmed the trial court's granting of partial summary disposition. *Id.*

Similarly, in the case at bar, Intervening Plaintiff prominently displayed the following notice on its website in large, bold print: "**Our services are provided at no cost to you under the terms of Michigan law.**" See Quality Care Consulting Website Pages, attached as **Exhibit "C"**. Further, the case manager testified that based on her understanding, Plaintiff did not receive bills for case management services provided by Intervening Plaintiff. See Dep. Trans. of Michelle Harris (from Quality Care Consulting) at pp. 25-26, attached as **Exhibit "B"**. The *Duckworth* plaintiff's care "without charge" is almost identical to Intervening Plaintiff providing its services "at no cost to [Plaintiff]."

Plaintiff never became "responsible or answerable in law" or "legally obligated" to pay Intervening Plaintiff's bills; therefore, its charges were never "incurred."   As such, based on the relevant documentation, there is no genuine issue of material fact that these services are not compensable allowable expenses under MCL 500.3107(1)(a) because they were never incurred.

## IV.    Conclusion

For the foregoing reasons, there is no genuine issue of material fact that Plaintiff never incurred any charges for case management services allegedly provided by Intervening Plaintiff .   Therefore, Defendant is entitled to summary judgment as a matter of law.

Respectfully submitted,

ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.

/s/Cinnamon A. Rice
CINNAMON A. RICE (P60979)
NATHAN J. FINK (P75185)
APRIL E. MOORE (P69297)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111
crice@zkac.com

Dated: September 4, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **September 4, 2013,** I electronically filed the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, and this Certificate of Service** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

- **Paul S. Clark**
  pschoenbeck@cs-law.net,pclark@cs-law.net,lindaw@cs-law.net
- **Lynne S. DeBell**
  ldebell@zkact.com,hromanski@zkac.com
- **Nathan J. Fink**
  nfink@zkact.com
- **Maureen H. Kinsella**
  mkinsella@msapc.net,ehoy@msapc.net
- **April E. Moore**
  amoore@zkac.com,almoore@zkac.com
- **Cinnamon A. Rice**
  crice@zkact.com,lsaunders@zkact.com

Respectfully submitted,

ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.

/s/Cinnamon A. Rice
CINNAMON A. RICE (P60979)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111
crice@zkac.com

Dated: September 4, 2013