UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AC, a minor, by her
NEXT FRIEND, MICHELLE WHITE,

        Plaintiffs,        Case No: 12-CV-13896
and                                       Hon. Lawrence P. Zatkoff
                                             Magistrate Hluchaniuk

QUALITY CARE CONSULTING, INC.,

        Intervening Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
Company,

        Defendant.
_____/

| | |
|---|---|
| Miller & Tischler, P.C. | Zausmer, Kaufman, August, |
| Maureen H. Kinsella (P56172) |  Caldwell & Tayler, P.C. |
| Attorneys for Plaintiff | Marcy A. Tayler (P41685) |
| 28470 W. 13 Mile Road | Cinnamon A. Rice (P60979) |
| Suite 300 | Nathan J. Fink (P75185) |
| Farmington Hills, MI 48334 | Attorneys for Defendant |
| (248) 945-1040 | 31700 Middlebelt Road |
| | Suite 150 |
| Clark & Schoenbeck, P.C. | Farmington Hills, MI 48334 |
| Paul S. Clark P39164) | (248) 851-4111 |
| Attorneys for Quality Care Consulting | |
| 22655 South Chrysler Drive | |
| Hazel Park, MI 48030 | |
| (248) 543-7776 | |

_____/

**QUALITY CARE CONSULTING'S
<u>RESPONSE TO MOTION FOR SUMMARY DISPOSITION</u>**

    This case stems from an auto accident wherein Plaintiff Alexia Caruso (Caruso) was injured and received services from Intervening Plaintiff, Quality Care Consulting (Quality Care). Defendant, State Farm (State Farm) is

1

attempting to deny payment for Quality Care's services based on the theory that an advertisement / slogan; namely "Our services are provided to you at no cost under terms of Michigan law" as well as a statement by Michelle Harris did not "incur" the expenses pursuant to Michigan's No-Fault Act, namely MCL 500.3107(1)(a) et seq (Act) State Farm's preposterous position is untenable for two reasons. First, Quality Care had Caruso sign a lien for Quality Care's services that expressly and unequivocally acknowledges that the expenses are / were incurred (See Lien attached as Exhibit 1). Second, the advertisement in no way can abrogate Plaintiffs requirement to pay as it is not enforceable as a contract or otherwise and, therefore, cannot trump lien. The slogan is nothing more than puffing.

## II. FACTS

On December 2, 2011, and pursuant to the above mentioned injuries stemming from the car accident, Caruso sought treatment from Quality Care. Plaintiff's mother, Michelle White, signed a lien obligating Caruso to pay for any services and authorizing a lien to be placed on any settlement arising from the case. The lien states in relevant part:

> I acknowledge that I am personally responsible for and I agree to pay in full any and all charges or fees resulting from any evaluation and or treatment provided me by Quality Care Consulting. Further, I hereby give a lien to Quality Care Consulting, against my settlement, claim, judgment, or verdict resulting from any claim or lawsuit relating to my illness or injury. I authorize you to direct my attorney to pay directly to Quality Care Consulting and [sic] such sums due and owing his [sic] for services rendered to me. I further authorize and direct my attorney to withhold all such sums from any settlements, claim, judgment or verdict to fully compensate and pay Quality Care Consulting in the event that the amount

2

paid to Quality Care Consulting from any settlement, claim, judgment or verdict is less than the full amount due and owing them, I agree to pay any unpaid balance personally. (Exhibit 1)

Therefore, by its plain language, the lien does require and or secure payment via a variety of means including obligating payment by Caruso personally if Quality Care's bills are not paid via the "settlements, claim, judgment or verdict." This obviously implies that any payment made by State Farm would also be a means of satisfying the obligation.

The only other issue in State Farm's Motion is the advertising slogan: "Our services are provided to you at no cost under terms of Michigan law". As stated above, this is a mere advertising slogan. In any event no matter how the slogan is characterized, it is is completely trumped by the lien. It is clear that this is not an offer for free services contingent on any generic "Michigan Law" . It is obvious from the context, business, and trade usage that this slogan is relying on Michigan law. Nonetheless, as explained below in Section IV infra, this slogan is just that: a slogan which has no binding, legal effect.

III. **THE LIEN COMPLETELY ABROGATES DEFENDANT'S ARGUMENT THAT THE EXPENSES WERE NOT INCURED PURSUANT TO APPLICABLE MICHIGAN LAW AND OR IN THE ALTERNATIVE, AND, AT THE VERY LEAST, THE LIEN RAISES A QUESTION OF FACT AS TO WHETHER THE EXPENSES WERE INCURRED THEREBY <u>RENDERING SUMMARY JUDGMENT INNAPROPRIATE IN THIS CASE</u>**

Caruso agrees with State Farm's definition of the term "incurred" in

*Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 483-84, 673 N.W.2d 739,

743-44 (2003). The Michigan Supreme Court established the standard for "incurred" as follows:

MCL 500.3107 provides in part:

> (1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:
> (a) Allowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. [Emphasis added.]
> MCL 500.3110(4) provides that [p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss *is incurred* (emphasis added). To incur means [t]o become liable or subject to, [especially] because of one's own actions. [4] A trial court may enter a declaratory judgment determining that an expense is both necessary and allowable and the amount that will be allowed, but such a declaration does not oblige a no-fault insurer to pay for an expense until it is actually incurred. *Manley, supra* at 157, 388 N.W.2d 216. At the time of the judgment, plaintiff had not yet taken action to become liable for the costs of the proposed home modifications. Because the expenses in question were not yet incurred, the Court of Appeals erred in ordering defendant to pay the total amount to the trial court. See *Nasser v. Auto Club Ins. Ass'n,* 435 Mich. 33, 50, 457 N.W.2d 637 (1990).

Therefore, once a party is legally liable for the expenses said expenses have been incurred for purposes of the No Fault Act.

Given the present lien, there can be no question that Caruso has incurred the expenses from Quality Care as Caruso agreed to guarantee the payment of said expenses prior to treatment

4

### V. THE ADVERTISEMENT HAS NO BEARING ON THE PRESENT CASE AS IT IS NOT NOR COULD NOT BE CONSTRUED AS A CONTRACT OR ANY OTHER FORM OF LEGALLY ENFORECABLE DOCUMENT

The slogan, "Our services are provided to you at no cost under terms of Michigan law" is not legally binding in any way. Caruso could not argue that she did not have to pay based on the advertisement / slogan and, therefore, State Farm cannot put forth a similar argument either as a third party beneficiary or otherwise. Applicable Michigan case law indicates that the advertisement / slogan is at best an illusory contract as follows:

In *Ile v. Foremost Ins Co,* Mich.App NW2d (Docket No. 295685, issued July 14, 2011), slip op at 4, this Court quoted Black's Law Dictionary (9th ed) for the following definition of an illusory contract: An illusory contract is defined as[a]n agreement in which one party gives as consideration a promise that is so insubstantial as to impose no obligation. The insubstantial promise renders the agreement unenforceable. *Tobel v. AXA Equitable Live Ins. Co.*, 298129, 2012 WL 555801 (Mich. Ct. App. Feb. 21, 2012)Since plaintiff made no promises of legal consequence in either document, they are illusory and unenforceable as contracts. *Michigan Bean Co. v. Senn*, 93 Mich. App. 440, 444, 287 N.W.2d 257, 259 (1979). The advertisement / slogan in the present case is clearly an illusory contract as the consideration by Quality Care, if any, is a promise that is so insubstantial as to impose no obligation on the part of Quality Care.

## CONCLUSION

Defendant's motion should be denied.

CLARK & SCHOENBECK, P.C.

By: /s/ Paul S. Clark
Paul S. Clark (P39164)
Attorneys for Quality Care Consulting
22655 South Chrysler Drive
Hazel Park, Michigan 48030
(586) 543-7776

Dated: September __, 2013

## PROOF OF SERVICE

I certify that on September ___, 2013, I did electronically serve the attached document with the U. S. District Court and service was made on all counsel via the U. S. District Court's electronic service system.

CLARK & SCHOENBECK, P.C.

By: /s/ Paul S. Clark
Paul S. Clark (P39164)
Attorneys for Quality Care Consulting
22655 South Chrysler Drive
Hazel Park, Michigan 48030
(586) 543-7776

Dated: September __, 2013

Lien *                                                                                    https://qcc.advocatecustomer.com/member/report_v2.php

# Quality Care Consulting

Patient Authorization of Personal Liability and Lien/ Authorization
for Direct Payment; Attorney Acknowledgment and Agreement

## PROVIDER INFORMATION

| Name: Mexia Caruso | Tax ID: |
|---|---|
| Quality Care Consulting | 38-3523216 |
| Address: | Phone: |
| 19811 Farmington Road<br>Livonia, MI 48152 | Phone: 248-888-0066<br>Fax: 248-888-0060 |

## ATTORNEY INFORMATION

| Name: | Firm: |
|---|---|
| Mark Shriner | |
| Address: | Phone: |
| | 248-945-1040 |

## LIEN/DIRECT PAYMENT STATEMENT

I acknowledge that I am personally responsible for and I agree to pay in full, any and all charges or fees resulting from evaluation and/or treatment provided me by Quality Care Consulting. Further, I hereby give a lien to Quality Care Consulting, against my settlement, claim, judgment, or verdict resulting from any claim or lawsuit relating to my illness or injury. I authorize you to direct my attorney to pay directly to Quality Care Consulting and all such sums due and owing his for services rendered to me. I further authorize and direct my attorney to withhold all such sums from any settlement, claim, judgment or verdict to fully compensate and pay Quality Care Consulting in the event that the amount paid to Quality Care Consulting from any settlement, claim, judgment or verdict is less than the full amount due and owing them, I agree to pay any unpaid balance personally.

| Signature of Patient or Guardian:<br>Michelle White | Date Signed:<br>12/2/11 |
|---|---|
| Witnessed By: | Phone: |

## ATTORNEY ACKNOWLEDGMENT

The undersigned, being attorney of _____, does hereby acknowledge receipt Authorization for direct payment to Karen L. Amick, M.A., L.L.P., C.M.C. As attorney for the patient, I agree to honor this lien and protect and make payment directly to Karen L. Amick, M.A., L.L.P., C.M.C. any and all sums due and owing her.

| Authorized Signature: | Date: |
|---|---|