# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AC, a minor and by her Next Friend,
MICHELLE WHITE,

    Plaintiff,

and

QUALITY CARE CONSULTING, INC.,

    Intervening Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

    Defendant.
_____/

Case No. 12-13896
Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 18, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Partial Summary Judgment [dkt 54]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion for Partial Summary Judgment is DENIED.

## II. BACKGROUND

**A. F**ACTUAL **B**ACKGROUND

On March 10, 2006, AC—an eight-month-old infant at the time—and her mother, Michelle White, were involved in a motor vehicle accident. Despite being restrained in a car seat, AC suffered numerous injuries, including a severe traumatic brain injury that left her permanently disabled with physical and cognitive impairments. On the date of the accident, AC was insured under a no-fault insurance policy with Defendant State Farm Mutual Automobile Insurance Company ("Defendant").[1]

**B. P**ROCEDURAL **B**ACKGROUND

On June 1, 2012, Michelle White, as next friend to AC, filed a complaint against Defendant in Macomb County Circuit Court. Defendant timely removed the matter to this Court on September 4, 2012.

Plaintiff's complaint seeks recovery of, among other things, allowable expenses pursuant the Michigan No-Fault Automobile Insurance Act ("No-Fault Act"), Mich. Comp. Laws § 500.3101 *et seq*. Defendant filed the instant motion arguing that certain of the claimed allowable expenses are improperly categorized as such, and therefore cannot be recovered.

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

---

[1] Intervening Plaintiff—Quality Care Consulting, Inc.—has filed a claim against Defendant for reimbursement of services provided to AC. That claim is not the subject of the instant motion.

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

Defendant's motion argues that it should be granted partial summary judgment on certain of Plaintiff's claimed allowable expenses, which comprise the following: (1) driving; (2) preparing breakfast, lunch and dinner; (3) assistance with homework; (4) assistance with educational activities; (5) laundry (washing bedding and clothes); (6) watching television with AC; and (7) preparing AC's bed. These expenses, as Defendant would have it, are not allowable expenses within the purview of the No-

3

Fault Act, but rather are household replacement services. And, the argument goes, because the expenses are household replacement services, recovery of such services is barred by the three-year recovery limitation.

In response, Plaintiff argues that the services provided by Michelle White to AC are allowable expenses pursuant to Mich. Comp. Laws § 500.3107(1)(a). According to Plaintiff, the expert medical opinions of AC's treating physicians corroborate the argument that the above-mentioned services are necessitated by the injuries AC sustained in the motor vehicle accident. As such, Plaintiff contends that the claimed allowable expenses are for AC's "care, recovery or rehabilitation."

### A. NO-FAULT ACT

Mich. Comp. Laws § 500.3105(1) establishes that a personal protection insurance provider is compelled under the No-Fault Act "to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." That statute thus imposes two threshold causation requirements for personal injury protection ("PIP") benefits: (1) the insurer is liable only if benefits are "for accidental bodily injury," (2) that "aris[es] out of the ownership, operation, maintenance or use of a motor vehicle." It appears neither party disputes that AC suffered accidental bodily injuries caused by the use of a motor vehicle.

The parties diverge, however, on whether the services at issue here should be labeled as allowable expenses or household replacement services. "Allowable expenses" are defined as "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation . . . ." Mich. Comp. Laws § 500.3107(1)(a).[2] On the other hand, household replacement services are "[e]xpenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured

---

[2] The No-Fault Act provides for unlimited lifetime benefits for allowable expenses, subject to operation of the one-year-back rule, Mich. Comp. Laws § 500.3145. This rule is not presently at issue.

4

person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent." *Id.* at § 500.3107(1)(c). Because recovery for replacement services is limited to those services provided in the first three years after the accident, Plaintiff's current claim for benefits—from May 21, 2012 to present—would be unrecoverable as replacement services. Accordingly, the distinction between allowable expenses and replacement services is critical to Plaintiff's case to the extent that Plaintiff can only recover benefits for the services recounted above if they constitute allowable expenses within the meaning of the No-Fault Act.

### B. MICHIGAN SUPREME COURT'S INTERPRETATION

The Michigan Supreme Court has recently been called on to determine the reach of the allowable expenses provision. The applicable decisions will be briefly discussed below.

The state supreme court first interpreted the clause, "for an injured person's care, recovery or rehabilitation," in *Griffith v. State Farm Mutual Automobile Insurance Co.*, 472 Mich. 521 (2005). There, the court concluded that the term "care" included only "products, services, or accommodations whose provision is *necessitated* by the injury sustained in the motor vehicle accident." *Griffith*, 472 Mich. at 535. In the end, the court held that food expenses were not compensable as allowable expenses because food was the plaintiff's "ordinary means of sustenance" and if he "had never sustained, or were to fully recover from, his injuries, his dietary needs would be no different than they are now." *Id.* at 536.

In *Johnson v. Recca*, the court reiterated *Griffith's* holding that the No-Fault Act requires payment of allowable expenses only for care that is "related to the insured's injuries." 492 Mich. 169, 179 (2012). If expenses for products or services are required after the injury "in a manner indistinguishable" from those required prior to the injury, the court explained, then those services cannot properly be characterized as "allowable expenses." *Id.* at 180. Thus, the *Johnson* decision stands for the following edict: "Services that were required both before and after the injury, but after the injury can no

longer be provided by the injured person himself or herself *because* of the injury, are 'replacement services,' not 'allowable expenses.'" *Id.*

On the same day as the *Johnson* decision, the supreme court also issued its opinion in *Douglas v. Allstate Insurance Co.*, 492 Mich. 241 (2012), a case that further delineated the dichotomy between allowable expenses and the separate and distinct category of replacement services.  The *Douglas* court favorably approved *Griffith's* definition of "care" by stating: "[A]lthough services for an insured's care need not restore a person to his preinjury state, the services must be related to the insured's injuries to be considered allowable expenses."  *Douglas*, 492 Mich. at 260.  And, while acknowledging that family members could perform the services for an injured person, the court cautioned that services provided by family members must be carefully distinguished from those that would constitute replacement services under Mich. Comp. Laws § 500.3107(1)(c).  *Id.* at 262–63.  In other words, the family member must perform services *for* the injured person's *care* to fall within the scope of allowable expenses.  *Id.*

Finally, in *Admire v. Auto-Owners Insurance Co.*, the court clarified when a particular product, service, or accommodation is actually "for" the injured person's "care, recovery, or rehabilitation."  494 Mich. 10 (2013).  The court found Mich. Comp. Laws § 500.3107(1)(a) to "only require[] an insurer to pay for products, services, and accommodations that are reasonably necessary to the *object or purpose of* 'an injured person's care, recovery, or rehabilitation.'"  *Id.* at 30 (emphasis added).  By way of example, "postaccident expenses of a wholly new essential character" provide the statutory causal connection that the expenses are *for* the injured person's care, recovery, or rehabilitation.  *Id.*

## C. APPLICATION

Here, Defendant claims that the Court should grant it partial summary judgment because the services at issue are not compensable allowable expenses, but instead are only replacement services, which Plaintiff is foreclosed from recovering due to the three-year time limit of Mich. Comp. Laws §

6

500.3107(1)(c). The Court finds Defendant's over-simplistic position without merit and denies its motion for several reasons.

First, Defendant's motion seeks a ruling that the contested services—driving; preparing breakfast, lunch and dinner; assistance with homework; assistance with educational activities; laundry (washing bedding and clothes); watching television with AC; and preparing AC's bed—are simply "ordinary and necessary services" undertaken by every household. Yet, were the Court to adopt Defendant's broad argument, the result would undoubtedly deny Plaintiff of properly compensable benefits for allowable expenses under Mich. Comp. Laws § 500.3107(1)(a). For example, while the *general* activity of "driving" AC can likely be labeled as a replacement service provided "in a manner indistinguishable" before and after the injury, categorically precluding Plaintiff from recovering *any* allowable expenses for transportation would be erroneous. Even just a cursory review of Plaintiff's attendant care log sheets reveals that Michelle White drove AC to myriad physician and therapy appointments, all of which were "necessitated by the injury sustained in the motor vehicle accident." *See Griffith*, 472 Mich. at 535. Any attempt by Defendant to argue that such transportation—or "driving"—services were not *for* AC's "care, recovery, or rehabilitation" is disingenuous at best. Accordingly, reasonable minds could differ on whether "driving" constitutes an allowable expense.

Examination of another service at issue likewise demonstrates the deficiencies in Defendant's position. Defendant contends that assistance with homework and educational activities constitutes "ordinary parenting" for an eight-year-old child. Again, when dealing with an *ordinary* eight-year-old child that may be accurate, but such is not the case here. Dr. Holly Gilmer—a pediatric neurosurgeon and one of AC's treating physicians—testified that AC requires assistance with "learning, staying at any particular task, completing a task, [and] completing her homework." Moreover, a neuropsychological assessment conducted by Angela DeBastos, Ph.D., notes that AC "learns best when there are

7

opportunities for repeated exposure to the material and when the information is presented in multiple formats (e.g., verbally and visually/pictures);" that AC has difficulty "learning how to identify and produce letters and numbers," and is "not yet able to produce meaningful written output;" and that she is performing "well below expectation for her age and current grade level" based on several psychological tests administered. Thus, Plaintiff has presented evidence sufficient to create a factual question on whether assistance with homework and education activities are "related" to AC's injuries such that these services can be considered allowable expenses under Mich. Comp. Laws § 500.3107(1)(a).[3]

In sum, Defendant is not entitled to summary judgment as factual issues exist regarding the services Defendant seeks to characterize as replacement services. As such, the Court denies Defendant's motion.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment [dkt 54] is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
Hon. Lawrence P. Zatkoff  
U.S. District Judge

Dated: October 18, 2013

---

[3] The Court need not address every service. There is ample evidence in the record to support Plaintiff's viewpoint that the services at issue—or, at a minimum, certain aspects of the services—are for AC's care, recovery, or rehabilitation. Because Plaintiff has presented proper summary judgment evidence to refute Defendant's motion, the Court declines to grant partial summary judgment to Defendant.