**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AC, a minor and by her Next Friend,
MICHELLE WHITE,

      Plaintiff,

and                                                         Case No. 12-13896
                                                           Hon. Lawrence P. Zatkoff

QUALITY CARE CONSULTING, INC.,

      Intervening Plaintiff,
v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
company,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 21, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment as to Intervening

Plaintiff's claim [dkt 57]. The motion has been fully briefed. The Court finds that the facts and legal

arguments are adequately presented in the parties' papers such that the decision process would not be

significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby

ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's

Motion for Summary Judgment is DENIED.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

On March 10, 2006, AC—an eight-month-old infant at the time—and her mother, Michelle White, were involved in a motor vehicle accident. Despite being restrained in a car seat, AC suffered numerous injuries, including a severe traumatic brain injury that left her permanently disabled with physical and cognitive impairments. On the date of the accident, AC was insured under a no-fault insurance policy with Defendant State Farm Mutual Automobile Insurance Company ("Defendant").

### B. PROCEDURAL BACKGROUND

On June 1, 2012, Michelle White, as next friend to AC, filed a complaint against Defendant in Macomb County Circuit Court, seeking recovery of, among other things, allowable expenses pursuant the Michigan No-Fault Automobile Insurance Act ("No-Fault Act"), Mich. Comp. Laws § 500.3101 *et seq* Defendant timely removed the matter to this Court on September 4, 2012. QCC filed its intervening complaint on March 19, 2013.

On August 14, 2013, Defendant filed a motion for summary judgment arguing that certain of Plaintiff's claimed allowable expenses were improperly categorized as such, and therefore cannot be recovered. The Court denied Defendant's motion on October 18, 2013, finding that factual issues existed regarding the services Defendant sought to characterize as replacement services (as opposed to allowable expenses).

Intervening Plaintiff—Quality Care Consulting, Inc. ("QCC")—has filed a claim against Defendant for reimbursement of case management services provided to AC. QCC alleges that proper documentation of these services was submitted to Defendant in a timely manner, yet Defendant refused to pay the invoices. Defendant's instant motion seeks summary judgment as to QCC's intervening claim for payment.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").  A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party.  *Celotex*, 477 U.S. at 323.  The moving party discharges its burden by "'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case."  *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion

for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

Defendant's position is straightforward: Plaintiff never "incurred" any charges for QCC's services and, consequently, QCC is foreclosed from seeking reimbursement of the claimed services as compensable allowable expenses under Mich. Comp. Laws § 500.3107(1)(a).  Defendant chiefly supports its theory by (1) offering evidence of a statement from QCC's website that states, "Our services are provided at no cost to you under the terms of Michigan law", and (2) claiming that QCC did not directly submit bills to Plaintiff.  Thus, Defendant's argument is premised on the notion that Plaintiff never received a bill and thus never "incurred" any charges.

"To be reimbursed for an 'allowable expense' under [Mich. Comp. Laws] § 500.3107(1)(a), a plaintiff bears the burden of proving that (1) the charge for the service was reasonable, (2) the expense was reasonably necessary and (3) the expense was incurred." *Williams v. AAA Mich.*, 250 Mich. App. 249, 258 (2002).  Relevant here is the requirement that an expense be "incurred."  To incur "means '[t]o become liable or subject to," *Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 484 (2003) (per curiam) (quoting *Webster's II New College Dictionary* (2001)), or "responsible or answerable in law; legally obligated," *Bombalski v. Auto Club Ins. Ass'n*, 257 Mich. App. 536, 543 (2001).

Defendant makes much of the fact that QCC's website had the following message: "Our services are provided at no cost to you under the terms of Michigan law."  Because of this, Defendant contends, Plaintiff never "incurred" any medical expenses and therefore QCC cannot seek reimbursement of such. The Court finds Defendant's theory is misplaced.

Quite obviously, Plaintiff contracted with Defendant for—and was insured under—a no-fault insurance policy.  Plaintiff, like other individuals who seek private health insurance, purchased this

insurance and paid premiums to Defendant under the impression that Defendant would cover potential costs of medical care—costs for which Plaintiff would otherwise be obligated to pay. Solely because QCC is sending the medical bills to Defendant does not translate into Plaintiff failing to "incur" medical expenses. In fact, despite Defendant's selective picking from QCC's website, it appears QCC contemplates an insurer/insured relationship by also stating on its website that, "Under the provisions of the Michigan No-Fault Auto Law case management services are covered by the patient's auto insurance provided. QCC bills the auto insurance company directly. The patient and his/her family are never charged for case management services." Here, that is precisely what happened—QCC billed Defendant, instead of Plaintiff, and Defendant has refused to pay the invoices. Defendant is therefore denied summary judgment on QCC's intervening claim for payment of services provided to AC.

Perhaps as a last resort, Defendant points the Court to *Duckworth v. Continental Nat. Indemnification Co.*, 268 Mich. App. 129 (2005), a case where the panel determined the plaintiff did not "incur" medical expenses because he was never legally responsible for the expenses. There, a Canadian citizen sustained injuries in Canada in an accident involving a semitrailer insured under Michigan's No-Fault Act. Because the plaintiff was a Canadian citizen, his enrollment in the Ontario Health Insurance Plan ("OHIP") covered his medical expenses without charge. Nonetheless, the plaintiff filed suit to recover benefits from the insurer of the semitrailer.

The court of appeals found the plaintiff did not "incur" his expenses because "OHIP patients do not purchase partial or full coverage to reduce or eliminate their liability for medical expenses. Rather, medical care is free of charge and the use of private health insurance is unnecessary and generally prohibited." *Duckworth*, 268 Mich. App. at 135. Thus, in this unique situation, the panel held that the plaintiff "bore no legal responsibility" for the expenses. *Id.* at 136.

The facts in the instant matter stand in stark contrast to the scenario in *Duckworth* and the Court questions Defendant's heavy reliance on such an inapposite case.  In sum, the Court determines that Defendant is not entitled to summary judgment on QCC's intervening claim.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment [dkt 57] is DENIED.

IT IS FURTHER ORDERED that all parties are to appear for a Final Pretrial/Settlement Conference on **May 13, 2014 at 10:00 a.m.**, at 526 Water Street, Port Huron, Michigan.  All counsel must be present, as well as the clients and/or those with full authority to engage in settlement discussions. The parties are to comply with all the rules and procedures set forth in the Scheduling Order, which includes bringing to the conference the proposed joint pretrial order and proposed joint jury instructions.

IT IS SO ORDERED.

Date:  March 21, 2014                    s/Lawrence P. Zatkoff
                                         Hon. Lawrence P. Zatkoff
                                         U.S. District Judge